IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JONATHAN COOPER PETITIONER

V. CAUSE NO. 4:26-CV-00007-SA-JMV

STATE OF MISSISSIPPI, et al. RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Jonathan Cooper for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time barred. Petitioner filed a response in opposition and Respondents filed a reply in support. The matter is now ripe for resolution. For the reasons set forth below, Respondents' motion to dismiss will be granted and the instant petition will be dismissed with prejudice as untimely filed.

Procedural Background

Petitioner Jonathan Cooper is currently in the custody of the Mississippi Department of Corrections and housed at the Walnut Grove Correctional Facility located in Walnut Grove, Mississippi. Doc. # 4. On September 26, 2018, a Grand Jury in the Circuit Court of Washington County, Mississippi, returned a three-count indictment charging Cooper with Count I: conspiracy to commit robbery, Count II: capital murder, and Count III: felon in possession of a firearm, as well as an enhancement for being a habitual offender. Doc. # 16-1 at 31-33.

On August 20, 2020, Cooper signed a "Petition to Enter Plea of Guilty" in which he pleaded guilty to Counts I and III as charged, and to a reduced charge of second-degree murder from Count II. *Id.* at 224-227. On August 24, 2020, a Sentencing Order was entered imposing a term of five years on Count I; a term of forty years, with thirty years to serve followed by ten years of post-

release supervision on Count II; and a term of ten years on Count III.[1] *Id.* at 215-217; *see also* Doc. # 17-1. All terms were to run concurrently. *See id.*

On February 10, 2021, Cooper signed and submitted a *pro se* motion to vacate his plea and sentences and a motion for bail in the Mississippi Supreme Court. Doc. # 16-2 at 5-28. In an Order entered on April 6, 2021, the Mississippi Supreme Court construed Cooper's motion as for one for post-conviction relief, dismissing it without prejudice, and finding that he had pled guilty, never had a direct appeal, and application for post-conviction relief must be filed in the trial court. *Id.* at 1; *see also* Doc. # 17-3.

On April 21, 2021, Cooper, proceeding *pro se*, signed and submitted a "Motion for Post-Conviction Collateral Relief" ("PCR motion") that was filed on the Washington County Circuit Court docket on May 3, 2021. Doc. # 16-4 at 1, 4-26. In his motion, Cooper raised claims of a defective indictment, ineffective assistance of counsel, an illegal sentence, involuntariness of plea, and the trial court's lack of jurisdiction. *See id.* On May 7, 2021, the trial court entered an Order determining that Cooper's PCR motion "should be considered by the original sentencing judge." *Id.* at 699.

On June 16, 2021, the trial court (sentencing judge) entered an order denying Cooper's first PCR motion. Doc. # 17-4; *see also* Doc. # 16-4 at 248-253. In denying relief, the trial court explained that Cooper was originally indicted on the crimes of conspiracy, capital murder, and felon in possession of a firearm; but he "was permitted to enter a plea of guilty to [] conspiracy, the lesser included crime of [] second degree murder, and [] possession of a firearm by a convicted felon [] as a habitual offender." *Id.* at 3. The trial court determined that the indictment "contained a plain, concise, and definite written statement of the essential facts and elements constituting the

[1] The order was signed by the trial judge on August 21, 2020, but filed on the docket on August 24, 2020. Doc. # 17-1.

offense charged and fully notif[ied] Cooper of the nature and accusations against him." *Id.* at 3-4. As such, the "indictment was not defective." *Id.* at 4.

The trial court likewise rejected Cooper's claims for ineffective assistance of counsel as meritless. *Id.* The plea hearing transcript showed that Cooper's attorney "explained the nature of the charges against him", "discussed the elements of the crimes and what the State was required to prove to get a conviction," talked with Cooper about "trial strategy and the likelihood of a conviction", and "when asked if he was satisfied with the assistance given by his attorney Cooper said 'yes,sir.'" Under these circumstances, the trial court found "Cooper ha[d] failed to allege specific facts or details" showing that his attorney's conduct "fell below an objective standard of reasonableness or unprofessional errors of substantial gravity." *Id.*

The trial court addressed Cooper's argument about an illegal sentence and explained that while the relevant statutory authority limited the amount of time that MDOC could supervise an offender on post-release supervision, "it does not limit the total number of years an offender may be on PRS." *Id.* at 5 (citation omitted). Thus, Cooper's term of post-release supervision was not illegal. *Id.* And, for the same reasons discussed with respect to the claims for ineffective assistance of counsel, the plea hearing transcript negated any claim that Cooper's plea was involuntarily given. *Id.* at 5-6. The trial court concluded that "Cooper's plea was knowingly, willingly, and voluntarily given." *Id.* at 6. Lastly, the trial court rejected Cooper's contention that it lacked jurisdiction over the matter. *Id.*

On September 2, 2021, Cooper, proceeding *pro se*, submitted a Notice of Appeal, appealing the trial court's denial of his first PCR motion. Doc. # 16-4 at 254-267. On September 23, 2021, the Clerk of Appellate Courts for Mississippi issued a Show Cause Notice letter sent to Cooper advising him that he must show cause per Rules 3 and 4 of the Mississippi Rules of Appellate Procedure why his appeal "should not be dismissed as an untimely appeal for failure to comply

with the rules of [the] court." *Id.* at 584. The Notice required action within fourteen (14) days. *Id.* On September 29, 2021, Cooper submitted a response to the show cause notice which was filed on the trial court's docket on October 5, 2021. *Id.* at 585-596.

On December 7, 2021, the Mississippi Court of Appeals entered an Order dismissing Cooper's appeal as untimely. *Id.* at 658-659; *see also* Doc. # 17-5. The state appellate court explained that Cooper's notice of appeal was due July 16, 2021 because the trial court's order denying his first PCR motion was entered June 16, 2021. *Id.* (citing Miss. R. App. Pro. 4(a)). It noted that Cooper's notice of appeal was dated September 2, 2021, and filed in the trial court on September 8, 2021. *See id.* The court of appeals further addressed Cooper's contention that he never received a copy of the trial court's order but determined that nothing in the record supported that argument. *Id.* Thus, the state appellate court concluded that Cooper "failed to demonstrate good cause for missing the appeal deadline by forty-eight days" and dismissed it accordingly. *Id.*

On January 12, 2022, Cooper submitted a *pro se* "Writ of Certiorari" which was filed in the trial court on January 20, 2022. *Id.* at 660-670. On February 16, 2022, the Mississippi Supreme Court entered an Order dismissing Cooper's cert petition as untimely and finding that he had failed to file a motion for rehearing from the court of appeals' decision which is a jurisdictional prerequisite. *Id.* at 797; *see also* Doc. # 17-6.

On July 21, 2021, prior to filing his notice of appeal from the denial of his first PCR motion, Cooper signed a *pro se* Writ of Habeas Corpus (hereinafter "second PCR Motion") challenging his Washington County plea and sentences which was filed on August 4, 2021. Doc. # 16-5 at 3-10. Cooper, however, filed his second PCR motion in the Sunflower County Circuit Court. *See id.* In this second PCR motion, Cooper primarily argued that the Washington County Circuit Court lacked jurisdiction to enter a judgment and impose a sentence because the indictment against him was void. *Id.* On August 10, 2021, the Sunflower County Circuit Court entered an Order denying

Cooper's second PCR motion, finding that it should be dismissed both as successive and meritless. *Id.* at 24-25; *see also* Doc. # 17-7.

Cooper, proceeding *pro se*, appealed the trial court's denial of his second PCR motion. *See* Doc. # 16-11 at 292-299. In an opinion entered September 27, 2022, the Mississippi Court of Appeals affirmed the trial court's dismissal of Cooper's second PCR motion. *Cooper v. State*, 348 So. 3d 357 (Miss. Ct. App. 2022); *see also id.* at 6-9; Doc. # 17-8. Rather than agreeing that the PCR motion was successive and meritless, however, the court of appeals determined that the Sunflower County Circuit Court "lacked jurisdiction to hear Cooper's PCR motion" and should have dismissed for lack of jurisdiction rather than on the merits. *Id.* at 358. The state appellate court explained that Cooper should have filed in the Washington County Circuit Court "where his conviction originated", not the county in which he was incarcerated (Sunflower County). *Id.*

On October 19, 2022, Cooper signed and submitted a *pro se* "Filing and Transfer of Application by Leave of Permission to File Second or Successive Writ of Habeas Corpus" which was filed in the Mississippi Supreme Court on October 24, 2022. Doc. # 16-3 at 3-96. In an Order entered on January 24, 2023, the Mississippi Supreme Court found that Cooper should have filed his motion in the trial court and dismissed without prejudice for lack of jurisdiction. *Id.* at 1; *see also* Doc. # 17-9.

On January 15, 2026, Cooper, proceeding *pro se*, initiated the instant proceeding by filing an "Application for Certificate of Appealability." Doc. # 1. The Court construed this filing as seeking relief under 28 U.S.C. § 2254 and ordered Cooper to complete and return the Court's standard form for § 2254 petitions. Doc. # 3. On January 29, 2026, Cooper complied and filed a federal habeas petition raising the following four grounds for relief (as set forth by Petitioner):

Ground One: 6th Amendment right to be informed of the "nature", "cause" and "jurisdiction" concerning the charges

Ground Two: 6th Amendment right to be informed not by a corporate fictitious name in matter of Jonathan Cooper

Ground Three: 6th Amendment right to have the effective assistance of counsel established in the state of nature, cause, and jurisdiction

Ground Four: 5th Amendment right to "indict" by grand jury to state the indemnity and bill of particularity

Doc. # 4 at 5-10.

In other words, Cooper believes his indictment was void or defective, the trial court lacked jurisdiction, trial counsel was ineffective, and the judgment of conviction is invalid. *See id.* at 5-15. On March 5, 2026,[2] the Court entered an Order directing Respondents to answer Cooper's petition on or before May 19, 2026. Doc. # 9. Thus, on May 19, 2026, Respondents moved to dismiss Cooper's petition as untimely filed. Doc. # 17. Cooper filed a response in opposition on May 26, 2026, and Respondents filed a reply in support on June 2, 2026. Doc. #s 18, 19. The matter is now ripe for resolution.

## Analysis

The instant petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion to dismiss shall be granted turns on the statute's limitations period, which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

[2] The delay stemmed from waiting for the filing fee to be paid. *See* Doc. # 7.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2).

Mississippi law does not provide for a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Under current Fifth Circuit law, a Mississippi judgment issued pursuant to a guilty plea would ordinarily be considered final 90 days after sentencing on the plea. *See Wallace v. Mississippi*, 43 F.4d 482, 497-501 (5th Cir. 2022). For the period beginning March 19, 2020, through July 19, 2021, however, the United States Supreme Court expanded the period to seek certiorari review from 90 to 150 days due to the COVID-19 pandemic. *See* U.S. Sup. Ct. R. 13(1); U.S. Sup. Ct. Order List 589, Mar. 2020.

As set forth above, Cooper was sentenced on August 24, 2020. Doc # 17-1. Additionally, four days after sentencing, Cooper filed a motion to withdraw his guilty plea which the trial court denied two weeks later on September 14, 2020. Doc. # 16-1 at 218-228. Cooper's conviction, therefore, became final *at the latest* on February 11, 2021 (September 14, 2020, the date Cooper's post-judgment motion was denied, plus 150 days = February 11, 2022). Accordingly, absent statutory or equitable tolling, Cooper's federal habeas petition must have been filed on or before February 11, 2022, to be deemed timely. *See* 28 U.S.C. § 2244(d)(1) (providing that a federal habeas petition must be filed within one year of the date on which the judgment became final).

Cooper must have filed an application for post-conviction relief in state court on or before February 11, 2022, to toll the federal limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing for statutory tolling while a "properly-filed" motion for post-conviction relief is pending). Cooper

first submitted a *pro se* motion to vacate his plea and sentence and motion for bail to the Mississippi Supreme Court on February 10, 2021. Doc. # 16-2 at 5-28. The Mississippi Supreme Court dismissed Cooper's filing for want of jurisdiction on April 6, 2021. Doc. # 17-3. Because this first motion was filed in a court without jurisdiction, it was not "properly filed" and Cooper is not entitled to statutory tolling during the pendency of that filing. *See Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). Cooper signed his first properly filed PCR motion on April 21, 2021, and the trial court denied that motion on June 16, 2021. Doc. #s 16-4 at 1, 4-26; 17-4. Cooper appealed the denial of his first PCR motion, but the Mississippi Court of Appeals dismissed the appeal as untimely filed. *See* Doc. # 17-5.

As such, Cooper is entitled to 87 days of statutory tolling from April 21, 2021, the date he signed the PCR motion, through July 16, 2021, the deadline for filing an appeal from the trial court's June 16, 2021 order denying the PCR motion. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414-418 (2005); *Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); Miss. R. App. Pro. 4(a) (providing that appeals must be filed "within 30 days of entry of judgment or order appealed from"); *see also Stokes v. Mississippi*, 2012 WL 3150656, at *2 (S.D. Miss. July 3, 2012) (explaining that "[t]olling would have ended . . . the day [petitioner] missed his appeal deadline"). With the application of statutory tolling for his first PCR motion, Cooper's deadline to file his federal habeas petition extended to Monday, May 9, 2022 (February 11, 2022 plus 87 days = May 9, 2022).

Cooper submitted his second PCR motion on July 21, 2021, prior to the expiration of his extended limitations period, *but* he filed it in the Sunflower County Circuit Court which lacked jurisdiction. *See Cooper v. State*, 348 So. 3d 357 (Miss. Ct. App. 2022). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" which "usually prescribe," *inter alia*, "the court and office in which it

must be lodged[.]" *Artuz*, 531 U.S. at 8. "If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but not *properly filed*." *Id.* at 9 (emphasis in original). Thus, Cooper is not entitled to statutory tolling during the pendency of his second PCR motion.

Cooper submitted a final attempt at a PCR motion on October 19, 2022, *after* the extended May 9, 2022 deadline, and, therefore, is not entitled to statutory tolling during the pendency of that motion. Doc. # 16-3 at 3-96; *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Scott's state habeas application did not toll the limitations period under § 2244(d)(2) because it was not filed until after the period of limitation had expired.") (emphasis omitted). Moreover, Cooper's third motion was dismissed by the Mississippi Supreme Court for lack of jurisdiction, such that it was not "properly filed" to warrant statutory tolling had it been filed prior to the deadline. *See* Doc. # 17-9.

Under the "mailbox rule," the Court considers Cooper's federal habeas petition as filed on the date that he delivered it to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Cooper initiated this action through a pleading signed and submitted on January 15, 2026. *See* Doc. # 1. Cooper, therefore, filed the instant petition almost four years after the May 9, 2022 deadline for filing said petition. Consequently, the Court may review the merits of Cooper's claims only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 799 (2000) (per curiam). To satisfy this burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his federal habeas

petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). While Cooper does not specifically argue for the application of equitable tolling, he does opine that "[t]he U.S. Constitution can't be procedurally deprived nor be [a]ffected by a time bar[.]" Doc. # 18 at 30; *see also* Doc. # 18 at 10, 12, 15, 20, 24 (same). Despite Cooper's contention, "AEDPA has no exception for constitutional claims and expressly precludes them if they are filed too late." *Williams v. Shaw*, 2021 WL 3722337, at *2 (S.D. Miss. Aug. 23, 2021) (citing 28 U.S.C. § 2241(d)(1)).

To the extent that he opines that his mistaken understanding of the law, particularly the applicability of some sort of fundamental-rights exception, warrants equitable tolling, that argument is unavailing. This is so because "mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling . . . ." *Felder*, F.3d at 172 (5th Cir. 2000); *see also Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991). Moreover, Cooper has not shown that he pursued his rights diligently, nor has he identified any extraordinary circumstance that prevented him from filing the instant petition.

In sum, Cooper's petition is untimely, and Respondents' motion to dismiss should be granted.

<u>Evidentiary Hearing Unnecessary</u>

Cooper *seemingly* requests an evidentiary hearing, but the Court finds that such a hearing is not warranted on the circumstances presented. A federal habeas corpus proceeding is not meant to determine a petitioner's guilt or innocence, nor to retry his case; instead, resolution of the proceeding determines *only* whether the petitioner's constitutional rights have been violated. *Herrera v. Collins*, 506 U.S. 390, 400-01 (1993) (citations omitted); *Ellis v. Collins*, 956 F.2d 76, 78 (5th Cir. 1992). Consequently, facts found in a habeas corpus evidentiary hearing must bear on

whether the trial or appeal of the criminal case violated the petitioner's constitutional rights. Given the clarity of the record before the Court, a hearing is not necessary to rule on Cooper's petition.

Title 28 U.S.C. § 2254(e)(2) sets the standard for determining whether an evidentiary hearing is necessary – and states that a federal court may *not* hold an evidentiary hearing on claims that a petitioner *could* have developed in state court proceedings – unless two criteria are met. First, the claim must rely on a new rule of constitutional law, expressly made retroactive to cases on collateral review. 28 U.S.C. § 2254(e)(2)(A). Second, an evidentiary hearing is appropriate when the factual predicate for the claim could not have been previously discovered with *due diligence*. *Id.* If those criteria are met, the petitioner must then show that the proffered facts underlying the claim "would be sufficient to establish *by clear and convincing evidence* that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B) (emphasis added).

Cooper has not shown that, under the requirements of 28 U.S.C. § 2254(e)(2), he would be entitled to an evidentiary hearing. In fact, he has made no coherent substantive argument in support of his request for a hearing. Cooper's petition is untimely filed. As the facts in the record clearly support these conclusions, an evidentiary hearing would be superfluous. For these reasons, Cooper has not shown that an evidentiary hearing is warranted under 28 U.S.C. § 2254(e)(2) and Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts. *See Guillory v. Cain*, 303 F.3d 647, 649-50 n.5 (5th Cir. 2002) (noting the restrictive nature of evidentiary hearings under 28 U.S.C. § 2254(e)).

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2254 Proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner, and Cooper must obtain a COA before appealing this

Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). Because his petition for writ of habeas corpus is rejected on procedural grounds, Cooper must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should not issue in this case.

## Conclusion

For the reasons set forth above, Respondents' Motion [17] to Dismiss will be GRANTED, and the instant petition for a writ of habeas corpus will be DISMISSED with prejudice as untimely filed. The Court further DENIES a certificate of appealability. A separate judgment in accordance with this opinion and order will enter this day.

SO ORDERED, this the 21st day of September, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE